**Ray COMFORT, et al. Plaintiffs,**

v.

**William A. MACLAUGHLIN,
et al. Defendants.**

**No. CV 05 7393 RSWL JWJX.**

United States District Court,
C.D. California.

May 9, 2006.

Benjamin W. Bull, Alliance Defense Fund, Scottsdale, AZ, J. Michael Johnson, Alliance Defense Fund, Shreveport, LA, Kevin Theriot, Alliance Defense Fund, Leawood, KS, Robert H. Tyler, Advocates for Faith and Freedom, Temecula, CA, Timothy D. Chandler, Alliance Defense Fund, Folsom, CA, for Plaintiffs.

Blake J. Lawit, Steven L. Mayer, Howard Rice Nemerovski Canady Falk And Rabkin, San Francisco, CA, for Defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

LEW, District Judge.

Currently before the Court is Plaintiffs Ray Comfort and Emeal Zwyane ("Plaintiffs") motion for a preliminary injunction. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Central District Local Rule 7–15, this Court took the motion under submission. After considering the materials filed in this matter, the Court now **FINDS AND RULES AS FOLLOWS:**

■ In order to show that a preliminary injunction is appropriate, Plaintiffs must demonstrate either a combination of probable success on the merits and the possibility of irreparable harm, or that serious questions are raised and that the balance of hardships tips in their favor. *A & M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir.2001). These two alternatives represent extremes of one continuum, rather than separate tests. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir.1999).

■ In order to determine whether Plaintiffs can demonstrate a probability of success on the merits of their First Amendment claim, the Court must begin its inquiry by determining the nature of the relevant forum, in this case, the grounds of the Bellflower Courthouse ("Courthouse").

Plaintiffs argue that because the Courthouse grounds share many characteristics with a public park—the Courthouse is surrounded by a large grassy area where members of the public convene—that the Courthouse grounds, like a public park, are "undeniably a traditional public forum."

But, as the Supreme Court has noted, the mere physical characteristics of a property cannot dictate forum analysis. *United States v. Kokinda*, 497 U.S. 720, 727, 110 S.Ct. 3115, 111 L.Ed.2d 571 (1990). Instead, the Court must consider whether the forum has been traditionally made available for speech, whether the primary purpose of the forum is for expressive activity, and finally, the extent to which speech is incompatible with the usual functioning of the forum. *See id.*

Unlike traditional public fora, courthouses, including the Bellflower Courthouse, are not areas that traditionally have been made available for public assembly and debate. Nor is the primary purpose of the Bellflower Courthouse to provide a platform for members of the public to espouse their views. The purpose of the Courthouse, rather, is the impartial and efficient administration of justice under the law. Given the traditional function of courthouses in general and the Bellflower Courthouse in particular, the Court finds that the Bellflower Courthouse grounds are a non-public forum.[1]

■ In a non-public forum, the government can control access so long as the regulations used to do so are reasonable in light of the purpose served by the forum and are viewpoint neutral. *Cornelius v. NAACP Legal Defense & Educ. Fund,*

---

1. Indeed, the Court is aware of no instance in which another court has found that courthouse grounds constitute a public forum. *See United States v. Grace*, 461 U.S. 171, 103 S.Ct. 1702, 75 L.Ed.2d 736 (1983); *Huminski v. Corsones*, 396 F.3d 53 (2d Cir.2005); *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 966 (9th Cir.2002); *Pouillon v. City of* Owosso, 206 F.3d 711 (6th Cir.2000). While Plaintiffs cite *Grider v. Abramson* to support the position that courthouse grounds are a public forum, the parties in that case stipulated to that conclusion and the Sixth Circuit did not conduct a forum analysis in that case. 180 F.3d 739, 748 n. 11 (6th Cir.1999).

*Inc.,* 473 U.S. 788, 806, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985). The government is not required to choose the least restrictive alternative, it need only choose one that reasonably fulfills a legitimate and demonstrated need. *Swarner v. United States,* 937 F.2d 1478, 1482–83 (9th Cir.1991).

■ Plaintiffs assert that the restriction on speech in this case is unreasonable because it is overly broad and unnecessary to achieve the stated goals of neutrality and orderly access to the Courthouse. There is, however, no argument that these stated goals are legitimate—the question is merely whether the means to achieve them are reasonable.

■ The Court finds that the regulation on speech in not an unreasonable means to ensure the legitimate interest of ensuring the safe and orderly access to the Courthouse Given the large number of individuals that appear at the Bellflower Courthouse on a daily basis, the presence of protestors, demonstrators, solicitors, or proselytizers on Courthouse walkways and near Courthouse doors poses obvious impediments to access. *See Kokinda,* 497 U.S. at 733–34, 110 S.Ct. 3115. Even if a more narrowly tailored Order could be drawn, in a non-public forum the government is only required to adopt reasonable regulations, not the "most reasonable or the only reasonable" regulation possible. *Cornelius,* 473 U.S. at 808, 105 S.Ct. 3439.

Because the restriction in this case is targeted towards behavior that would impede free access to the Courthouse, the Court finds that the General Order is reasonable in light of the purposes of the forum.

In addition, the General Order also reasonably serves another important governmental interest—preservation of a forum that is free of actual or perceived partiality. As it applies to this case, the General Order reasonably ensures that members of the public will not perceive the courts as endorsing Plaintiffs faith above that of any other faith.

In light of the legitimate interest of the Courthouse to safeguard access to the building and to ensure that the Court is free of actual or perceived impartiality, and the fact that the prohibited activities impede these goals, the Court finds that the prohibition on speech at issue in this case does not appear to be unreasonable. Accordingly, Plaintiffs have not demonstrated a likelihood of success on this portion of their claim.

■ In addition to the reasonableness challenge, Plaintiffs argue that the General Order is unconstitutional because it is void for vagueness and. acts a prior restraint.

The Court finds that the Plaintiffs likelihood of success on either of these claims is dubious. First, in regard to the void for vagueness challenge, it does not appear that a person of ordinary intelligence would not understand what activity is prohibited, nor does it appear likely that the General Order authorizes or encourages arbitrary enforcement. As for the prior restraint argument, the permitting scheme involved for the sale of concessions on Courthouse grounds is not governed by the courts or the General Order, but by the Los Angeles County Code. Moreover, the permitting arrangement apparently involves non-expressive activity.

Altogether, each of the grounds that Plaintiffs assert as a basis for a preliminary injunction do not appear to have a strong likelihood of success.

■ Nor does it appear that Plaintiffs are suffering irreparable injury or that the balance of hardships tips in their favor. Because Plaintiffs' First Amendment claim is unlikely to succeed, the Court does not find that the prohibition on speech is currently causing an irreparable injury to Plaintiffs. When this interest in

free expression is compared with the strong interest in ensuring that the Bellflower Courthouse is free from actual or perceived partiality, and is safely and easily accessible to the members of the public that have business there, it does not appear that the balance of hardships tips in Plaintiffs favor.

For these reasons, Plaintiffs' request for a preliminary injunction is **DENIED.**

**IT IS SO ORDERED.**